IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.           Civil No. 06-6022
             Criminal No. 6:89cr60001

DALE CONRAD MCQUISTON                       DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the "motion to dismiss or vacate part of sentence as void judgment," (Doc. #150), filed by the Movant, Dale Conrad McQuiston (hereinafter "McQuiston"), on June 5, 2006. The United States filed a response on July 3, 2006 (Doc. #153) and McQuiston filed a reply on July 24, 2006. (Doc. #155)

In 1992, McQuiston was convicted of four counts of bank robbery, *18 U.S.C. §2113(a) & (b) (1988)*, and four counts of possession of a firearm during a violent crime, *18 U.S.C. §924(c) (Supp. (III 1991)*. He was sentenced by this court to 780 months of imprisonment and ordered to pay restitution of $58,017.00. (Doc. #110) The judgment and sentence was affirmed on appeal. *United States v. McQuiston*, 998 F.2d 627 (8th Cir. 1993).

On August 13, 2001, McQuiston filed a motion herein asserting that there was a clerical error in the judgment and asserting that the restitution order imposed at sentencing violated the Ex Post Facto Clause. (Doc. #125) On August 20, 2001, this court granted McQuiston's motion to correct a clerical error in the judgment and commitment order. Specifically, the judgment incorrectly indicated he had been sentenced under *18U.S.C. §§ 2113(a) and (b)* rather than *§§ 2113(a) and (d)*. In all other respects McQuiston's motion was denied. (Doc. #127) An amended judgment reflecting the correction was entered on September 5, 2001. (Doc. #130)

This court's decision was affirmed on October 7, 2002. *United States v. McQuiston*, 307 F.3d 687 (8th Cir. 2002).

On February 20, 2002, McQuiston filed a motion to vacate his sentence contending that his convictions under *§ 924(c)* should be vacated since *§ 2113(d)* provides for an enhanced punishment where a firearm was used in the commission of an offense. (Doc. #136) This court denied the motion on March 14, 2002, finding that by virtue of the "*Comprehensive Crime Control Act of 1984, Pub. L. 98-473, ch. X, § 1005(a), 98 Stat. 1976, 2138, § 924(c)* was amended to clearly provide that a conviction and sentence under it was authorized even where the underlying offense contained an enhancement provision of its own," citing *United States v. Beierle*, 77 F.3d 1199 (9th Cir. 1996) and *United States v. Harris*, 832 F.2d 88, 90 (7th Cir. 1987). (Doc. #139) No appeal was taken from that decision.

In the pending motion, McQuiston renews the same argument that he raised in the 2002 motion (Doc #135) with respect to the sentence enhancement under *§ 924(c)*. He adds additional claims of ineffective assistance of counsel. (Doc. #150)

McQuiston's pending motion seeks relief from his sentence. Such relief is properly sought by a motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*. This statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming a right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ...

*28 U.S.C. § 2255*; *see also United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000)(a

challenge to a federal conviction is most appropriately brought as a motion under *28 U.S.C. § 2255*). We thus construe the pending motion as one brought under *28 U.S.C. § 2255*.

McQuiston's motion should be denied. First, his enhancement claim was denied by this court over four years ago. Further, this court may not consider the pending motion as it is filed beyond the one-year limitations period for the filing of motions to vacate, set aside or correct a sentence. *Section 2255* provides for a one year limitation period with respect to the filing of motions under that section:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2255*. McQuiston's motion is clearly barred by limitations as it is filed many years after the date his judgment of conviction became final and many years after the last activity in this case. McQuiston has not asserted that any impediment created by government action existed to the filing of the subject § 2255 motion, he does not assert any right newly recognized by the United States Supreme Court, nor does he allege that the facts supporting his claims could not have been discovered through the exercise of due diligence. *28 U.S.C. § 2255*.

Further, McQuiston's motion constitutes a second or successive motion to modify his

sentence and this court lacks jurisdiction to consider a second or successive *§ 2255* motion absent authorization from the United States Court of Appeals for the Eighth Circuit. *See 28 U.S.C. § 2255* (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir. 2000)(A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

As this court lacks jurisdiction to consider McQuiston's pending second and successive §2255 motion absent authorization from the Court of Appeals, this court may take no further action in this matter pending a decision of the Court of Appeals and the pending motion is subject to dismissal. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals).

**Conclusion:**

For the foregoing reasons, it is recommended that McQuiston's pending motion be denied.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2006.

                                                        /s/ Bobby E. Shepherd
                                                        HON. BOBBY E. SHEPHERD
                                                        UNITED STATES MAGISTRATE JUDGE