## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                          **RESPONDENT**

**v.**                                              **No. 6:89-cr-60001**
                                                   **No. 6:16-cv-6064**

**DALE CONRAD McQUISTON**                                                          **MOVANT**

### REPORT AND RECOMMENDATION

Before the Court is the Motion for Immediate Release (Considered by the Court to be a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255) (ECF No. 183) and his Supplemental Motion to Vacate under §2255 (ECF No. 187) filed herein by DALE CONRAD McQUISTON, (hereinafter referred to as McQUISTON"),  an inmate confined in the United States Prison, Terre Haute, Indiana. This is McQUISTON's third post-conviction pleading filed in this Court attacking his underlying conviction and sentence.  See ECF Nos. 136 and 150.  Counsel was appointed to represent McQUISTON in the instant motion.  The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1.  Procedural Background**:

In 1992, McQUISTON was convicted of four counts of bank robbery, 18 U.S.C. §2113(a) & (b) (1988), and four counts of possession of a firearm during a violent crime, 18 U.S.C. §924(c) (Supp. (III 1991). He was sentenced by this court to 780 months of imprisonment and ordered to pay restitution of $58,017.00.   ECF No. 110. The judgment and sentence was affirmed on appeal.  *See United States v. McQuiston*, 998 F.2d 627 (8th Cir. 1993).  His prior two motions for relief pursuant to § 2255 were denied.  ECF Nos.  139 and 158.  The prior procedural history of this case was set out in a Report and Recommendation dated  October 3, 2006 and will not be repeated here except as

-1-

required for disposition of the current motions.  ECF No. 156.

2.  Instant Motion:

On June 10, 2016, McQUISTON filed the instant "Motion for Immediate Release" seeking relief in the form of re-sentencing under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  ECF No. 183.  On June 13, 2016, the Court appointed the Federal Defender to represent the Movant.  The Federal Defender filed a Supplement to Movant's request on June 22, 2016.  ECF No. 187.   In this Supplement the Federal Defender asks the Court to hold Movant's Motion in abeyance to allow him to obtain permission to file a successive § 2255 motion. The Government was ordered to respond and on September 20, 2016, filed its motion for stay pending Movant obtaining permission from the Court of Appeals.  ECF No. 190.  The Court ordered the case stayed pending a ruling from the Eighth Circuit.  ECF No. 191.  On January 9, 2017, the Eighth Circuit denied McQUISTON's request to file a successive motion.  ECF No. 192.

**3.  Discussion**:

Before this Court may consider successive motion for relief pursuant to § 2255, McQUISTON must first obtain authorization from the appropriate Court of Appeals, in this case the United States Court of Appeals for the Eighth Circuit.  *See* 28 U.S.C. § 2244(b)(2).  Absent the Eighth Circuit granting permission to proceed pursuant to § 2244, "the District Court was without jurisdiction to entertain" McQUISTON's instant motions.   *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

The Court of Appeals specifically denied McQUISTON's request to proceed in this matter on January 9, 2017.  ECF No. 192.  Accordingly, this Court lacks jurisdiction to consider the instant motions and this matter should be dismissed for lack of jurisdiction as successive.

**3.  Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  McQUISTON is clearly not entitled to the relief he seeks.[1]  Further, I find McQUISTON has not made a substantial showing of the denial of a constitutional right, and any request for a Certificate of Appealability should be denied as well.

**4.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion for Immediate Relief (ECF No. 183) and Supplemental Motion to Vacate under § 2255 (ECF No. 187) be **DENIED**.[2]  Further, I recommend no Certificate of Appealability be issued in this case.

**The parties have fourteen (14) days from receipt of this  report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this **20th day of June 2017.**

/s/ *Barry A. Bryant*
BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE

---

[1] *See Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006)(holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*